# EXHIBIT A

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

REBEKAH SCHMAHL,

                *Plaintiff*,

   v.

WASTE MANAGEMENT OF NY, LLC,

                *Defendant*.

---

Index No._____

**COMPLAINT**

Plaintiff, Rebekah Schmahl, by and through her attorneys, Lindy Korn, Esq. and Richard Perry, Esq., hereby complains of the Defendants, upon information and belief, as follows.

## NATURE OF THE CLAIMS

Plaintiff seeks the appropriate remedies and damages for discriminatory treatment based on sexual harassment, sexual orientation, hostile work environment, and retaliation in violation of New York Executive Law §296 and constructive discharge.

## JURISDICTION & VENUE

1. This Court has jurisdiction over this action pursuant to New York Civil Practice Law and New York Executive Law, Article 15, §296.

2. Venue is proper in this Court based upon Plaintiff's residency within the County of Erie, Defendant is located in the County of Erie, and a substantial part of the acts or omissions giving rise to the Plaintiff's claims occurred in the County of Erie.

## PARTIES

3. At all times referenced in the complaint, Plaintiff Rebekah Schmahl ("Plaintiff" or "Ms. Schmahl"), is a resident of the State of New York, County of Erie.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 6

4. At all times referenced in the complaint, Waste Management of NY LLC ("Defendant" or "WM") is a corporation with offices located at 100 Ransier Drive, West Seneca, New York 14224.

## MATERIAL FACTS

5. Plaintiff is female.

6. Plaintiff was hired by Defendant in 2012.

7. Plaintiff performed her job duties successfully for seven (7) years.

8. Upon information and belief, Defendant paid female employees less than male employees for the same or substantially similar work.

9. On or about March 2016 Ms. Schmahl was assaulted by coworker Gary Beaumont who grabbed her head and pulled it toward his crotch stating "have some of this."

10. Ms. Schmahl complained of this conduct to manager Tony Schneider.

11. This complaint constituted protected activity.

12. Defendant took no corrective action.

13. Ms. Schmahl has been continuously subjected to comments by coworkers about her buttocks, and requests to see pictures of her breasts.

14. Defendant took no corrective action.

15. Ms. Schmahl was subjected to a hostile work environment.

16. Respondent terminated Ms. Schmahl's employment on or about 11/6/19.

17. Upon information and belief this termination was because of Ms. Schmahl's sex and/or her complaints of hostile work environment.

18. Plaintiff suffered significant emotional distress as a result of Defendants' unlawful discriminatory conduct and retaliation.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# FIRST CAUSE OF ACTION
### Sexual Harassment in Violation of New York State Human Rights Law
### (Executive Law, Article 15), § 296(1) Against Defendants.

19. Plaintiff repeats each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

20. Sexual harassment based upon a hostile work environment exists under Executive Law § 296 (1) when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms or conditions of employment" (*Vitale v. Rosina Food Prods*., 283 AD2d 141, 143 [2001], quoting *Harris v Forklift Systems, Inc*., 510 US 17, 21 [1993]. *Eastport Associates, Inc. v. New York State Div. of Human Rights*, 71 A.D.3d 890, 891, 897 N.Y.S.2d 177 (2010).

21. Defendant fostered a hostile work environment for Plaintiff by failing to take any corrective action based upon sexual assault by Gary Beaumont.

22. Ms. Schmahl complained of this conduct to manager Tony Schneider.

23. This complaint constituted protected activity.

24. Defendant took no corrective action.

25. Defendant fostered a hostile work environment for Plaintiff based upon sexual harassment by co-workers subjecting Plaintiff to inappropriate sexual comments from co-workers coworkers about her buttocks, and requests to see pictures of her breasts.

26. Based on the foregoing, Plaintiff has stated a cause of action for hostile work environment against Defendant.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of New York State Human Rights Law
### (Executive Law, Article 15), § 296(1) Against Defendants.

27. Plaintiff repeats each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

28. To establish a prima facie case of retaliation, a plaintiff must show: "1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action." *Matter of Abram v. N.Y. State Div. of Human Rights*, 71 AD3d 1471, 1474 (4th Dept 2010).

29. Plaintiff engaged in protected activity known to Defendants when she put Defendant on notice of having been sexually assaulted by Gary Beaumont.

30. Defendant took no corrective action.

31. Instead, Defendant allowed a hostile work environment to fester and ultimately terminated Ms. Schmahl's employment rather than correct the hostile work environment that she complained of.

32. Based on the foregoing, Plaintiff has stated a cause of action for retaliation against Defendants.

## INJURY AND DAMAGES

33. As a result of the acts and conduct complained herein, Plaintiff suffered tremendous emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has experienced severe emotional and physical distress, as described above.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

a. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering, and injury to his reputation in an amount to be proven;

b. Awarding Plaintiff economic damages of lost wages and medical expenses;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action;

e. Awarding Plaintiff such other and further relief that this Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at trial plus interest, punitive damages, attorney's fees, costs, and disbursement of action, and for other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: November 04, 2022
Buffalo, New York

By: _____
Lindy Korn, Esq.
Richard Perry, Esq.
*Attorneys for Plaintiff*
Law Office of Lindy Korn, PLLC
535 Washington Street, Ninth Floor
Buffalo, New York 14203
716-856-5676 x 5
lkorn@lkorn-law.com
rperry@lkorn-law.com

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

5 of 6